## SMITH v. KELLEY, Exr., et.

Ohio Appeals, 1st Dist., Hamilton Co.

No. 3034.   Decided June 20, 1927.

First Publication of this Opinion.

Syllabus by Editorial Staff.

681.   JURISDICTION—677.   Judgments and Decrees—1.   Court of general jurisdiction, not limited territorially or in amount, is competent to decide all questions of its own jurisdiction and its judgment is final and cannot thereafter be attacked by parties to that judgment or their privies.

2.   Common Pleas Court is one of general jurisdiction, competent to determine questions relating to that jurisdiction.

Appeals from Common Pleas.

Findings approved.

John V. Campbell and Carl S. Rankin, Cincinnati, for Smith.

Charles B. Wilby, Clark Wilby and Thomas H. Kelley, Cincinnati, for Kelley.

FULL TEXT.

HAMILTON, PJ.

The action is for partition of real estate.

Appellant claims that she and two other interests are entitled each to one-third of the rents of the property sought to be partitioned. (The property is a perpetual leasehold.) While the appellees claim the property is owned according to a decree of the Common Pleas Court, by the six interests represented by both appellants and appellees, each owning an undivided one-sixth part.

The record shows that the will of James S. Houston was admitted to probate March 6, 1871. That the administrator with the will annexed filed an action in the Court of Common Pleas to obtain construction of the will and other relief. That in this action to construe the will the Common Pleas Court, on December 28, 1871, entered a decree construing the will and finding the interests of the parties under the will. This decree of December 28, 1871, is pleaded as a bar to the claims of the appellant.

It is argued orally and in the brief that the action of the administrator was limited to an action for instruction and direction as to his duties in the administration of the personal estate; that the question of the construction of the will was not necessarily before the court, and, that, therefore, the decree has no binding effect in so far as it relates to the question involved here.

If the Court in the original decree did construe the will fixing the interests, that construction could only be defeated through want of jurisdiction of the court.

The rule is that a court of general jurisdiction, not limited territorially or in the amount of its jurisdiction, is competent to decide all questions of its own jurisdiction and having exercised that jurisdiction, its judgment is final and the validity of its judgment cannot be thereafter attacked by the parties to that judgment or their privies. 34 Corpus Juris, 552, 936; Merritt v. Horne, 5 Ohio St. 307; Richards v. Skiff, et al. 8 Ohio St. 586.

The Common Pleas Court is one of general jurisdiction, competent to determine questions relating to that jurisdiction. Winemiller v. Laughlin, 51 Ohio St. 421.

The original decree construing the will is before the Court, attached to an agreed stipulation. The decree recites "that this is a proper action for the construction of said will." The decree further recites: "And the Court proceeding to give a construction of the last will and testament of the said James S. Houston, deceased, do find, etc." The decree proceeds to construe the will fixing all rights and interests thereunder, and decrees the interests

(Continued on Page 80)

(Continued from Page 65)

**291. CONSTITUTIONAL LAW.**

See 874. Ordinances. Burke et v. Village of Valleyview, OA. 6 Abs. 71.

**297. CONTRACTS.**

Where only evidence of contract consists of memorandum in writing, not signed by parties, and evidence tends to prove that memorandum was supplemented by oral agreement, construction of contract is not question of law for court, but jury must determine rights of parties from all the evidence. Young v. Mathers, OA. 6 Abs. 67.

**297. CONTRACTS—Recission of.**

Where agent falsely represents that he has customer for property, and so induces seller to contract for transfer of property, when in fact agent is purchaser. Such false representation sufficient grounds for recision of contract. Kiene v. Brownell et, OA. 6 Abs. 71.

**396. DIRECTED VERDICTS.**

See 829. Negligence. Conners v. Rogers, OA. 6 Abs. 69.

**513. FALSE REPRESENTATION.**

See 297. Contract—Recission of. Kiene v. Brownell et, OA. 6 Abs. 71.

**533. FIRE INSURANCE.**

1. Sections of General Code relating to powers and duties of superintendent of insurance are in pari materia and should be so construed.

2. Secs. 9592-12, 9592-13 and 9592-14 empower superintendent to make inquiry and require answers concerning rate fixing agreement between insurance company and rating bureau, and to approve or disapprove such agreement.

3. Upon complaint of policy holder, duty of superintendent to notify insurance companies and rating bureau involved, make investigation, transcript, and order approving or disapproving such agreement. Brand v. Safford, Supt. of Ins., OS. 6 Abs. 78.

**661. INTOXICATING LIQUOR.**

Affidavit, charging furnishing by giving intoxicating liquor, stating that liquor was "one quart jar and one quart bottle" does not charge violation of statute. East v. State, OA. 6 Abs. 69.

**677. JUDGMENTS AND DECREES.**

See 681. Jurisdiction. Smith v. Kelley, OA. 6 Abs. 75.

**681. JURISDICTION.**

Right against property in custodia legis must be worked out through court which has custody and control. State ex Spires v. Allread et, OS. 6 Abs. 79.

See 983. Quieting Title. Sand Beach Co. v. Allen et. OA. 6 Abs. 68.

1. Court of general jurisdiction, not limited territorially or in amount, is competent to decide all questions of its own jurisdiction and its judgment is final and cannot thereafter be attacked by parties to that judgment or their privies.

2. Common Pleas Court is one of general jurisdiction, competent to determine questions relating to that jurisdiction. Smith v. Kelley, OA. 6 Abs. 75.

**703. LANDLORD AND TENANT.**

Building company has right to sell light, power and heat to tenants. Price tenants pay is matter of contract between them and company. Such contracts not ultra vires or against public policy. Jonas v. Swetland Co., OA. 6 Abs. 73.

**747. MANDAMUS.**

See 969...Public Contracts. Quinn, Aud. et v. State ex LeRoy, OS. 6 Abs. 78.

**829. NEGLIGENCE.**

See 920. Physicians and Surgeons. Jones v. Stanko, Admx., OS. 6 Abs. 79.

See 1115. Street Railways. Cleveland Ry. Co. v. MacGilfrey, OA. 6 Abs. 74.

Where plaintiff, on fishing trip, passes through amusement park not open to public, employees of amusement company owe him no duty other than to bare licensee. Harper v. Maple Heights Const. Co., OA. 6 Abs. 73.

By motion to direct verdict only question of law is presented, and if there is some evidence tending to prove defendant guilty of neglignce in failing to repair steps, such negligence was direct and proximate cause of injury, and no presumption of contributory negligence arises from evidence, court cannot direct veridct for defendant because of evidence to the contrary. Question of contributory negligence or defendant's negligence and of proximate cause, are for jury. Conners v. Rogers et, OA. 6 Abs. 69.

**865. OFFICE AND OFFICERS.**

See 533. Fire Insurance. Brand v. Safford, Supt. of Ins., OS. 6 Abs. 78.

**874. ORDINANCES.**

Ordinance which prohibits driving through village and back again, in automobile bearing advertisements, held unconstitutional. Burke et v. Village of Valleyview, OA. 6 Abs. 71.

**920. PHYSICIANS AND SURGEONS.**

Duty of, when treating smallpox, to notify other persons known to be in dangerous proximity. Failure constitutes negligence. Jones v. Stanko, Admx., OS. 6 Abs. 79.

**956. PRIVITY.**

Of contract, in suit brought by tax payer, binds parties to such contract with knowledge of suit, though not made parties. Quinn, Aud. et v. State ex LeRoy, OS. 6 Abs. 78.

**969. PUBLIC CONTRACTS.**

Where legality of public contract has been determined by court of competent jurisdiction, all parties and their privies are bound by such judgment and, in mandamus to compel payment, same defenses not available. Quinn, Aud. et v. State ex LeRoy, OS. 6 Abs. 78.

**983. QUIETING TITLE.**

In action to quiet title, brought by plaintiff in possession, court, having full and complete jurisdiction of action and of land involved, can rightfully determine as to conflicting claims of title and quiet tittle of defendants, even though they are not in possession. Sand Beach Co. v. Allen et, OA. 6 Abs. 68.

**991. RAILROADS.**

1. Transportation act of Feb. 28, 1920, does not make unification of rail transportation compulsory nor give interstate commerce commission power to approve isolated consolidations before adoption of complete plan of unification.

2. Does not provide for incorporation of rail transportation companies under federal authority nor prohibit state agencies from incorporating railroads engaged in interstate commerce.

3. Pending adoption of complete plan, companies may enter into consolidation agreement. Snyder v. N. Y. C. & St. L. Rd. Co., OS. 6 Abs. 78.

**1027. RES ADJUDICATA.**

Includes not only facts or questions in issue in former suit, but also every other question which might properly have been litigated therein. Quinn, Aud. et v. State ex LeRoy, OS. 6 Abs. 78.

**1115. STREET RAILWAYS.**

Evidence that plaintiff, while crossing at street intersection, was struck and injured by car which, without sounding of gong or other warning, was being switched from cross town line to main line, sufficient to support verdict for damages for such injury. Cleveland Ry. Co. v. McGilfrey, OA. 6 Abs. 74.

**1161. TENANTS AND TENANCY.**

Lessee in full control and possession of premises, owes duty to third persons coming thereon in course of business, or upon ivitation, express or implied, to exercise ordinary care to keep premises in reasonable safe condition, and will be liable for negligence which was proximate cause of injury and damage, irrespective of whose duty it was to make repairs as between landlord and tenant. Conners v. Rogers, OA. 6 Abs. 69.

## STATE SUPREME COURT
### NEW CASES, PROCEEDINGS AND DECISIONS

## Weekly Report of
## NEW CASES DOCKETED

### January 19, 1928

20925—State of Ohio v. Edward Axe. Motion for leave to file bill of exceptions from Common Pleas Court of Auglaize county. E. C. Turner, Atty. Gen'l., and H. E. Werner, of counsel, Columbus, for pltff; C. A. Steuve, Wapakoneta, for deft.

20926—E. H. Lewis et v. Florence Spaulding et. Motion for Jefferson Appeals to certify. Lewis, Smith & Francis, Steubenville, for pltffs; J. C. Bigger and Cohen & Gardner, Steubenville, for defts.

### January 20, 1928

20927—Jessie Foreman, Adminstratrix v. Medina County National Bank et. Motion for Medina Appeals to certify. Beatty & Albietz and A. D. Davis, Columbus, for pltffs; F. Spellman, J. A. Weber and F. Heath, Medina, for defendants.

### January 22, 1928

20928—State of Ohio ex Christ Diehl, Jr., v. Jacob Dabele et. In Mandamus. Tracy, Chapman & Wells, Toledo, for pltff; R. H. Sutphen, Defiance, for defts.

### January 23, 1928

20929—Lillian S. Stern et v. Columbus National Bank; Lillian S. Stern et al v. Columbus National Bank, and Columbus National Bank v. Jacob S. Stern and Lillian S. Stern et al. Motion for Franklin Appeals to certify. S. W. Bennett for J. H. Stern and Lillian S. Stern; Williams, Sinks, & Williams, Columbus, for Columbus Nat. Bk.

20930—John L. West et v. Frank W. Shaffer. Motion for Tuscarawas Appeals to certify. Wilkin, Fernsell, Fisher & Limbach, New Philadelphia, for pltffs; W. B. Stevens, Uhrichsville, for deft.

### January 24, 1928

20931—George Ezell v. State of Ohio. Motion for leave to file petition in error to the Lucas Appeals. J. S. Heslip and C. Schreiber, Toledo, for pltff; L. W. Hunt, Toledo, and E. C. Turner, Columbus, for deft.

### January 25, 1928

20932—Lillian Lamen v. Thomas O. Worland et. Motion for Lucas Appeals to certify. Fritsche, Kruse & Winchester, Toledo, for pltff; O'Rourke, Lawton & Saalfield, Toledo, for defts.

## PROCEEDINGS OF SUPREME COURT

### GENERAL DOCKET
#### Wednesday, January 25, 1928

20039—Kitty Southern King v. L. M. Southern Real Estate & Improvement Co. et al, Cuyahoga. Settled and dismissed, no record. Defendants to pay the upaid items of costs in excess of deposits. Dock. 4 Abs. 541.

20541—Washington L. Jones v. Elizabeth Stanko et., Mahoning. Judgment affirmed. Dock. 5 Abs. 344.

20717—J. W. Quinn, auditor, v. State, ex J. A. Leroy, Perry. Judgment affirmed. Dock. 5 Abs. 556.

20727 and 20783—Charles Brand v. William C. Stafford, superintendent of insurance. Orders reversed. Dock 5 Abs. 701.

20829—Edward Copeland v. State of Ohio, Montgomery. Petition in error filed as of right dismissed. Dock. 5 Abs. 781.

20866—J. Royal Snyder v. New York, Chicago & St. Louis Rd. Co., Cuyahoga. Judgment affirmed. Dock. 5 Abs. 823.

20886—State, ex Midwestern Film Exchange, Inc., v. J. L. Clifton, director, et. In Mandamus. Order reversed. Dock. 6 Abs. 13.

20904—Frank Mantel v. The Department of Education, etc., et al. Petition for review, modification, vacating, setting aside and amending of order of Department of Education on application for approval and passing of Tunney-Dempsey boxing contest films. Order reversed. Dock. 5 Abs. 797.

#### MOTION DOCKET

20638—Daisy V. Marker, guardian v. Martin B. Trainor, administrator. Motion for Darke Appeals to certify. Overruled. Dock. 5 Abs. 489.

20787—Cleveland Metal Bed Co. v. Isadore Kutz. Motion for Cuyahoga Appeals to certify. Overruled. Dock. 5 Abs. 701.

20849—Eli Harter v. Maude F. Marsh. Motion for Portage Appeals to certify. Allowed. Dock. 5 Abs. 797.

20807—Fred E. Smith et v. W. V. Buck. Motion for Huron Appeals to certify. Allowed. Dock. 5 Abs. 823.

20875—John A. Zangerle et v. State ex Michael Gallagher et. Motion by defendant to strike motion to certify from files. Overruled. Dock. 5 Abs. 13.

20876—National Life Insurance Co. v. George Patrick. Motion for Cuyahoga Appeals to certify. Overruled. Dock. 6 Abs. 13.

20880—Henry C. Tuggle et v. State of Ohio. Motion for leave to file petition in error to the Lucas Appeals. Overruled. Dock. 6 Abs. 29.

20881—Olive Tompkinson v. Martin Baking Co. Motion for Cuyahoga Appeals to certify. Overruled. Dock. 6 Abs. 29.

20883—Joseph F. Blanchard et v. Electric Sales Co. Motion for Stark Appeals to certify. Overruled. Dock. 6 Abs. 29.

20884—Ralph Guear et v. A. Stechschulte, admr. et. Motion for Putnam Appeals to certify. Allowed. Dock. 6 Abs. 13.

20887—Robert P. Graves et v. Percy G. Hills. Motion for Lorain Appeals to certify. Dock. 6 Abs. 29.

20888—Guardian Savings & Trust Co. v. First Trust & Savings Bank. Motion for Stark Appeals to certify. Overruled. Dock. 6 Abs. 29.

20889—Ashwood Land Co. v. Leopold Chappie et. Motion for Cuyahoga Appeals to certify. Overruled. Dock. 6 Abs. 29.

20890—In the matter of exceptions of prosecuting attorney of Tuscarawas county in the case of the State of Ohio v. Mike Popovich. Motion for leave to file bill of exceptions to the court of appeals of Tuscarawas county. Allowed. Dock. 6 Abs. 29.

20891—Cleveland Hotel Co. v. Harry C. Long. Motion for Cuyahoga Appeals to certify. Dock. 6 Abs. 29.

20892—White Sewing Machine Co. v. Helen Rae Feisel. Motion for Lucas Appeals to certify. Overruled. Dock. 6 Abs. 29.

# SYLLABI
# Ohio Supreme Court

SNYDER v. N. Y. C. & ST. L. RD. CO.

Ohio Supreme Court.

No. 20866.   Decided Jan. 25, 1928.

Error to Cuyahoga Appeals.

Judgment affirmed.

**991.  RAILROADS—.**

1.  Transportation act of Feb. 28, 1920, does not make unification of rail transportation compulsory nor give interstate commerce commission power to approve isolated consolidations before adoption of complete plan of unification.

2.  Does not provide for incorporation of rail transportation companies under federal authority nor prohibit state agencies from incorporating railroads engaged in interstate commerce.

3.  Pending adoption of complete plan, companies may enter into consolidation agreement.

MARSHALL, CJ.

1.  The transportation act of February 28, 1920, does not make unification of rail transportation compulsory nor give power to the interstate commerce commission to approve isolated consolidations until after the adoption of a complete plan of unification as provided in the act.

2.  That act does not make provision for incorporation of rail transportation companies under federal authority, neither does it prohibit state agencies from effecting corporate organization of railroad companies engaged in interstate commerce.

3.  Pending the adoption of a complete plan as provided by section 5 of the act, railroad companies operating in interstate commerce are not prohibited from entering into a consolidation agreement and incorporating in the state of Ohio pursuant to such agreement, provided such agreement does not violate state or federal antitrust laws.

(Day, Allen, Kinkade and Robinson, concur. Jones, J., concurs in the judgment. Matthias, J., not participating.)

---

QUINN, Aud. et v. STATE ex LeROY.

Ohio Supreme Court.

No. 20717.   Decided Jan. 25, 1928.

Error to Perry Appeals.

Judgment affirmed.

**1027.  RES ADJUDICATA**—Includes not only facts or questions in issue in former suit, but also every other question which might properly have been litigated therein.

**956.  PRIVITY**—Of contract, in suit brought by tax payer, binds parties to such contract with knowledge of suit, though not made parties.

**969.  PUBLIC CONTRACTS—747.  Mandamus**—Where legality of public contract has been determined by court of competent jurisdiction, all parties and their privies are bound by such judgment and, in mandamus to compel payment, same defenses not available.

DAY, J.

1.  Material facts or questions which were in issue in a former suit and were there judicially determined by a court of competent jurisdiction are conclusively settled by the judgment therein so far as concerns the parties to that action and persons in privity with them and cannot be again litigated in any future action between the same parties or privies, and this rule also applies not only to what was determined but also to every other question which might properly have been litigated in the case.  (Hixon v. Ogg, 53 Ohio St., 361, and Strangward v. American Brass Bedstead Co., 82 Ohio St., 121, followed and approved.)

2.  Privity of contract is the relationship that exists between two or more contracting parties and where the legality of a contract is determined in a suit brought by a tax payer, the parties to such contract with knowledge of such suit are in privity and bound thereby although only one of them is made party to such suit.

3.  Where the legality of a public contract has once been determined in a proceeding in a court of competent jurisdiction, between a taxpayer and the public officials who were parties to such contract and other officials whose official action is necessary to the process of payment of money due under said contract, all parties and their privies to such record are bound by such judgment; in an action in mandamus to compel payment of the amount due under such contract afterwards brought by one in privity with one of the parties to the prior suit, such officials will not be allowed to avail themselves of the same defenses that were passed upon and determined in such prior suit, such judgment constituting res adjudicata.

(Marshall, CJ., Allen, Kinkade, Robinson, Jones and Matthias, JJ., concur.)

---

BRAND v. SAFFORD, Supt. of Ins. (2 cases).

Ohio Supreme Court.

Nos. 20727 and 20783.   Decided Jan. 25, 1928.

Error to Supt. of Ins.

Order reversed.

**533.  FIRE INSURANCE—865.  Office and Officers.**

1.  Sections of General Code relating to powers and duties of superintendent of insurance are in pari materia and should be so construed.

2.  Secs. 9592-12, 9592-13 and 9592-14 empower superintendent to make inquiry and require answers concerning rate fixing agreement between insurance company and rating bureau, and to approve or disapprove such agreement.

3.  Upon complaint of policy holder, duty of superintendent to notify insurance companies and rating bureau involved, make investigation, transcript, and order approving or disapproving such agreement.

ROBINSON, J.

1. The several sections of the General Code relating to the powers and duties of the superintendent of insurance are in pari materia and should be so construed.

2. Sections 9592-12, 9592-13 and 9592-14, General Code, empower the superintendent of insurance, upon his own motion, to disapprove an agreement entered into between insurance companies or entered into or acted upon by an insurance company or companies and a rating bureau with regard to the making, fixing or collecting of any rate for fire insurance upon property within this state; and for the purpose of exercising his discretion intelligently in the premises, the superintendent of insurance is empowered not only to address inquiries to any individual, association or bureau which is or has been making rates or estimates for rates for fire insurance upon property in relation to the organization, maintenance and operation and any other matters connected with its transactions, and to require an accurate and detailed answer thereto, under the provisions of Section 9592-6, General Code, but also to exercise the general powers invested in him by Sections 617, 621, 622, 623, 625, 626 and 627-1, General Code, and to make a transcript of such investigation and, upon such investigation, to make an order approving or disapproving such agreement.

3. When a reasonable complaint, made in good faith against his insurer by any person insured by a fire insurance policy on property in this state, that his insurer and other companies, or that his insurer and other companies and a rate making bureau, have entered into or acted upon an agreement with regard to the making, fixing or collecting of any rate for fire insurance upon property within this state, is lodged with the superintendent of insurance, it is his duty to serve notice upon the insurance companies and the rating bureau involved in such an agreement, to make an investigation under the powers invested in him by Sections 9592-14, 9592-6, 617, 621, 622, 625, 626 and 627-1, General Code, to make a transcript of such investigation and to make an order approving or disapproving such agreement and rate.

(Marshall, CJ., Day, Allen, Kinkade, Jones and Matthias, JJ., concur.)

---

JONES v. STANKO, Admx.

Ohio Supreme Court.

No. 20541. Decided Jan. 25, 1928.

Error to Mahoning Appeals.

Judgment affirmed.

292a. CONTAGIOUS DISEASES—Sec. 4427 GC. requires physician to report to health officer on knowledge or suspicion.

920. PHYSICIANS AND SURGEONS—829. Negligence—Duty of, when treating smallpox, to notify other persons known to be in dangerous proximity. Failure constitutes negligence.

225. CHARGE OF COURT—Where evidence tends to show smallpox in doctor's patient, failure to charge as to doctor's obligations constitutes prejudicial error.

KINKADE, J.

1. Section 4427, General Code, requires every physician to report to the health officer within whose jurisdiction such person is found, any case of contagious disease such as smallpox, which he knows exists or has reason to suspect exists in any patient to whom he renders medical treatment.

2. It is the duty of a physician who is treating a patient afflicted with smallpox to exercise ordinary care in giving notice of the existence of such contagious disease to other persons who are known by the physician to be in dangerous proximity to such patient; and a failure to discharge this duty will constitute negligence on the part of the physician available to any person in the recovery of damages resulting directly and proximately from such neglect on the part of the physician.

3. In a case where the evidence tends to prove that a contagious disease such as smallpox was present in the doctor's patient, and that the symptoms and conditions attending were such as to challenge the doctor's attention thereto, it is the duty of the trial court, when so requested, to properly charge the jury as to the doctor's obligations in that respect, and a refusal so to charge will constitute prejudicial error.

(Marshall, CJ., Day, Allen, Robinson, Jones and Matthias, JJ., concur.

# OPINIONS

in the rentals from the real estate in question to be divided into sixths in accordance with the claims of the appellees.

This decree, as heretofore stated, was entered December 28, 1871, since which time the administrator and the testamentary trustee and all parties in interest have acted thereunder, distributing and receiving their rents in equal one-sixth parts.

Our conclusion is that the decree of December 28, 1871, is a bar to the claim of appellant and that her interest thereunder is an undivided one-sixth part of the realty sought to be partitioned.

A like decree to that entered below will be entered here, and the cause remanded to the Court of Common Pleas for further proceedings and execution of this judgment.

(Cushing and Buchwalter, JJ, concur.)